40326. BUSH v. THE STATE.

FRANKUM, Judge. 1. Where a person is charged under the provisions of the Act approved March 19, 1937 (Ga. L. 1937, p. 322; *Code Ann.* § 92A-9907), as amended by the Act approved April 5, 1961 (Ga. L. 1961, p. 446), with knowingly operating a motor vehicle after his driver's license has been suspended, canceled or revoked, he shall, upon conviction, be punished by a fine not to exceed $1,000, by imprisonment not to exceed six months, or to work on the public works not to exceed 12 months, or the trial judge, in his discretion, may impose any one or more of these punishments (*Code Ann.* § 27-2506); and where the trial judge, after the defendant had been convicted under the aforesaid law, sentenced him to confinement in the common jail for a term of 30 days, such sentence was within the limits imposed by law and not subject to review, even though such sentence may have been imposed under a declared policy of the court that in any case of conviction under the aforesaid Act the defendant would be required to serve a prison sentence, and no consideration would be given by the presiding judge to the imposition of a fine, probation, or suspended sentence.

2. Where, during the trial of one charged as above stated, the solicitor asked a witness for the defendant if he had not had some difficulty with a revoked license, and where, upon objection by counsel for the defendant and a motion for a mistrial because of the asking of such question, the court, after hearing argument, instructed the jury that whether or not the witness had had any trouble with his license was immaterial in the case and further instructed the jury to disabuse their minds of any reference to that by the solicitor, it was not error to overrule the motion for a mistrial. It is not apparent that such irreparable harm was done that the instructions given could not cure it.

3. It was error and probably harmful to the defendant, as complained of in the second special ground of the motion for new trial, for the court to permit the solicitor to question a witness for the State (the police officer who arrested the defendant) as to conversations had between the witness and a third person out of the presence of the defendant.

4. The evidence for the State was wholly insufficient to show that the defendant's license had, in fact, been suspended, canceled or revoked, and the defendant notified thereof by the Department of Public Safety. The only evidence that in any way touched on this subject was testimony by a witness for the defendant on cross examination that the defendant had told him that he had had to mail his license in but that the defendant did not mention any date. This testimony nowhere shows when the defendant told the witness this, nor does it appear for what purpose the defendant's license was "mailed in." It was not sufficient to prove that the defendant's driver's license had been suspended or revoked at the time of the offense charged. The court erred in overruling the general grounds of the motion for a new trial.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*

DECIDED NOVEMBER 13, 1963.

*Adams, O'Neal, Steele, Thornton & Hemingway, H. T. O'Neal, Jr.*, for plaintiff in error.

*Clarence H. Clay, Jr., Solicitor, Harry F. Thompson*, contra.