## 62577. LEE et al. v. THE STATE.

McMurray, Presiding Judge.

Defendant Lee was charged by accusation with the offense of pimping, solicitation of sodomy and prostitution. Defendant Holt was charged by accusation with solicitation of sodomy and prostitution. At trial the jury returned a verdict of guilty as to all charges against both defendants. Defendants' motions for new trial were denied, and defendants appeal. *Held:*

At trial, defense counsel for defendant Lee upon cross-examination of one of the arresting police officers, asked the officer whether he had discussed the case with anyone else. The officer responded, "I have already stated that one other person asked me something pertaining to the case, but not as to the exact facts of the case, no, sir." Whereupon defense counsel asked, "[w]ho was that person?" and the answer was, "[t]he young man seated back there with the black outfit on." Defense counsel did not seek to elicit the contents of this conversation and did not pursue this line any further. On redirect examination the assistant solicitor inquired of the witness as to why the unknown individual had made an inquiry about the case sub judice. The witness then testified that the unknown individual had asked him on two occasions, "[w]hy I had booked so many charges against both subjects. And he said that because I had three charges against Ms. Lee, he couldn't get the other young lady out of jail." The state then inquired of the witness as to the meaning of this conversation. Objections by defense counsel and colloquy between court and counsel ensued during which the unknown individual was asked by the trial court to step outside of the courtroom. The state was subsequently permitted to introduce evidence to the effect that the conversation between the police officer and the unknown individual suggested to the police officer that the unknown individual was the defendants' pimp. Afterwards the unknown individual was discovered to have disappeared and was not available to the defendants as a witness.

It is error "for the court to permit the solicitor to question a witness for the state (the police officer who arrested the defendant) as to conversations had between the witness and a third person out of the presence of the defendant." *Bush v. State,* 108 Ga. App. 638, 639 (3) (134 SE2d 490). There can be no question that the erroneously admitted testimony was harmful to the defendants under the facts of the case sub judice, the same amounting to hearsay which was highly

prejudicial and damaging to the defendants.
*Judgment reversed. Quillian, C. J., and Pope, J., concur.*

DECIDED DECEMBER 3, 1981 —
REHEARING DENIED DECEMBER 17, 1981.

*Deloris Freemont, David R. Osborne,* for appellants.
*Hinson McAuliffe, Solicitor, George M. Weaver, Assistant Solicitor,* for appellee.